LOREN F. JUDD, Indiv. and as Co-Ex'r, *et al.*, Plaintiffs-Appellants, v. ALFRED D. JUDD *et al.*, Defendants-Appellees.

Third District   No. 3—85—0608

Opinion filed May 21, 1986.

Edward Zukosky, of Wenona, and William C. Zukosky, of Champaign, for appellants.

Robert A. Barnes, Jr., Special Assistant State's Attorney, of Lacon, for appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an action in a partition suit brought by the plaintiffs, Loren F. Judd, Verne Lee Judd and R. Kendall Judd, Jr., against the circuit clerk of Marshall County. The plaintiffs sought to recover from the clerk, certain funds and interest earned thereon. The funds represented 2% of the proceeds derived from the sale of realty in a partition suit. The total of the proceeds derived from the partition sale was $265,136. This sum was paid to the circuit clerk who was ordered to and did pay costs and expenses out of the funds. The circuit clerk also withheld the sum of $5,253.80, which was claimed as costs of the clerk's office being calculated at 2% of the purchase price of the realty. The trial court ruled against the plaintiffs, and this appeal ensued.

The sole issue presented in this appeal is whether the clerk of the circuit court may be awarded as a fee or costs in a partition suit the amount of 2% of the partition sale proceeds.

The circuit court found that the clerk is required under section 27.1(u)(1) of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1983, ch. 25, par. 27.1(u)(1)) to withhold a sum equal to 2% of the amount collected and turned over, and ordered that prior to distribution of the proceeds the clerk should deduct 2% of the amount collected and 2% of the interest received thereon. The statute relied upon reads as follows:

> "The fees of the Clerk of the Circuit Court *** shall be as follows:
>
> * * *
>
> (u) Collections
>
>> (1) For all collections made for others, except the State and County and except in child support cases, a sum equal to 2% of the amount collected and turned over." Ill. Rev. Stat. 1983, ch. 25, par. 27.1(u)(1).

While the briefs of the parties cite various cases as authority for their position, it appears that there is no precedential case on the issue presented in this appeal. It would be difficult to argue against the statement that the sum withheld in the instant case is exorbitant and especially when it is recognized that the circuit clerk performed only a ministerial function as a depository for the funds until disposition was ordered by the court.

The statute relied upon by the circuit clerk refers to "collections."

A collection implies an affirmative, active, and possibly an aggressive overt act. An examination of the statutory provision relating to partition (Ill. Rev. Stat. 1983, ch. 110, par. 17—101 *et seq.*) makes no reference to the depositing of sale proceeds with the circuit clerk. However, the Tenth Judicial Circuit of our State adopted general administrative orders and rules of general practice for the circuit court of the circuit. As to chancery matters, these rules provided:

> "It is ordered that in chancery matters a Judge designated by the Presiding Judge of that Court shall hold sales, issue certificates of sales, and execute deeds, as provided by statute.
>
> All proceeds of such sales shall be paid directly to and deposited with the clerk of the court that directed such sale, unless otherwise ordered, and shall be distributed by the Clerk in accordance with the order of the Court."

We note that the statutory provision relating to clerks of courts and the fees to which they are entitled to receive provides as follows:

> "(v) Any fees not covered by this Section shall be set by rule or administrative order of the Circuit Court, with the approval of the Administrative Office of the Illinois Courts." Ill. Rev. Stat. 1983, ch. 25, par. 27.1(v).

The circuit court of the Tenth Judicial Circuit, while providing that the circuit clerks of the circuit shall be depositories for the proceeds derived from judicial sales, have not attempted to provide an additional fee for such service. We are of the opinion that the failure to provide such a fee or additional cost is not an oversight but an indication of the realization by the courts that an additional fee or cost is not merited or warranted for merely performing the ministerial duty of being a depository. The clerk's office can be likened to a conduit into which sale proceeds are placed and temporarily held before being distributed after certain legal procedures have been followed.

■ It is the contention of the plaintiffs that the clerk's fee in a partition suit is $40 as provided for in section 27.1 (Ill. Rev. Stat. 1983, ch. 25, par. 27.1(a)), and we agree with this contention. We further hold that the clerk is not entitled to an additional fee of 2% of the proceeds of a partition sale.

During the course of this dispute, a special State's Attorney representing the circuit clerk filed with the court a memorandum in which he stipulated that the interest earned on the proceeds of sale and which was being retained by the clerk should be returned in proportion to the order of distribution to the parties entitled to the same. We are of the opinion that the special prosecutor was correct in stipulating a return of the interest. See *Galpin v. City of Chicago* (1915),

269 Ill. 27, 109 N.E. 713.

■ All of the interest earned on the total of the proceeds of sales should be returned to the parties entitled to the same in proportion to the order of distribution.

For the reasons set forth, the judgment of the circuit court of Marshall County is reversed, and the cause is remanded to that court with directions to distribute the 2% of the partition-sale proceeds and interest thereon to the parties according to their respective interests.

Reversed and remanded, with directions.

STOUDER and WOMBACHER, JJ., concur.